## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

DEMITRIA BUTLER-SMITH,       )
                             )
    **Plaintiff,**        )
v.                           )    **CASE NO.**
                             )    2:21-cv-598
                             )    **JURY TRIAL REQUESTED**
HYUNDAI MOTOR                )
MANUFACTURING ALABAMA,       )
                             )
    **Defendant.**        )

### COMPLAINT

COMES NOW the Plaintiff, Demitria Butler-Smith, by and through the undersigned counsel of record, Julian L. McPhillips, Jr., and K. David Sawyer, and hereby asserts her Complaint against the named Defendant, Hyundai Motor Manufacturing Alabama, as set forth herein.

### I.  JURISDICTION & VENUE

1.  Plaintiff Demitria Butler-Smith files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331, 1334 (a)(4), and 29 U.S.C. §§ 2617, as an action arising under the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, et seq., (the "ADAAA") and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, et seq., to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the

1

Defendant's ADAAA and FMLA discrimination and retaliation taken against the Plaintiff.

2. Venue is proper in the Northern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Montgomery County, Alabama.

3. The named Plaintiff, Demitria Butler-Smith (hereinafter "Plaintiff" or "Ms. Butler-Smith") is a citizen of the United States and a resident of Macon County, Alabama. Plaintiff is over the age of nineteen years.

4. The Defendant, Hyundai Motor Manufacturing Alabama (hereinafter "Defendant" or "Hyundai"), operates and does business in Montgomery County, Alabama. At all times relevant to this complaint, Plaintiff was employed by the Defendant.

5. Plaintiff filed a charge of ADAAA discrimination and retaliation with the EEOC in Birmingham, Alabama on December 1, 2020. Plaintiff received a right-to-sue on June 16, 2021, giving Plaintiff the right to pursue her claim in federal court for 90 days after said receipt. (Exhibit A).

## II. STATEMENT OF FACTS

6. On or about July 18, 2005, Hyundai hired Ms. Butler-Smith to work on a production-assembly line at its manufacturing plant located in Montgomery, Alabama.

7.    During her employment, Ms. Butler-Smith worked on different production-assembly lines and never received any disciplinary write-ups and/or suspensions.

8.    From July 18, 2005, through 2020, Ms. Butler-Smith qualified and applied for over 30 different jobs at Hyundai.   Ms. Butler-Smith held an undergraduate degree in Psychology and a master degree in Business Administration/Human Resource Management.

9.    However, Hyundai rarely responded to any of Ms. Butler-Smith's many applications, and only interviewed her on one occasion.   Hyundai never offered Ms. Butler-Smith another job away from the production-assembly line at its manufacturing plant.

10.    On or about September 23, 2019, Ms. Butler-Smith began suffering severe pain and swelling in her left knee and left leg.   After visiting the Hyundai medical clinic, Hyundai sent Ms. Butler-Smith home with instructions to see her personal physician.

11.    After seeing her personal physician, Ms. Butler-Smith reported her physician's diagnosis to the Hyundai medical clinic and Hyundai placed Ms. Butler-Smith on family medical leave with short-term disability.

12.     On or about March 23, 2020, Hartford Insurance Company, acting on behalf of Hyundai and its contractual obligation to Hyundai, placed Ms. Butler-Smith on long-term disability.

13.     On or about August 6, 2020, Ms. Butler-Smith's physician returned her to work at Hyundai on light duty with instructions limiting standing and walking to 45 minutes each hour, limiting lifting to no more than 10 pounds, and prohibiting squatting and climbing.

14.     On or about August 6, 2020, Ms. Butler-Smith immediately returned to work with her physician's return-to-work instructions.

15.     However, upon return to work on August 6, 2020, Hyundai immediately sent Ms. Butler-Smith home.   The Hyundai medical clinic also wrongfully entered her physician's information, documented it required more information, and instructed Ms. Butler-Smith not to return for six months.

16.     From September 2019 through September 2020, while on leave, Hyundai had cancelled Ms. Butler-Smith's access to the Hyundai Team Member Log-In, precluding her from applying for jobs at Hyundai, including any vacancies.

17.     On August 20, 2020, Hyundai wrote to Ms. Butler-Smith advising her that she would be terminated on September 30, 2020, unless she could return to her job on the production-assembly line or obtain a different job by application.

18.     Upon receiving this letter from Hyundai, Ms. Butler-Smith immediately contacted the Human Resources office at Hyundai again asking who she needed to talk to about returning to work, who to speak with about requesting and receiving reasonable accommodations, and how to apply for any vacant positions not on the production-assembly line.

19.     However, the individuals at Hyundai Human Resources stated they did not know the answers to her questions.

20.     Also, on or about August 20, 2020, Ms. Butler-Smith called Shelia Burdick, Hyundai's Assistant Manager of Employment, and specifically asked to apply for any available positions, without or without necessary accommodations.

21.     Ms. Shelia Burdick provided Ms. Butler-Smith with no response.

22.     Ms. Butler-Smith also attempted to apply for internal transfers on Hyundai's employee portal.  However, Hyundai had listed Ms. Butler-Smith on "leave of absence," and had prohibited Ms. Butler-Smith's access to the Hyundai employee portal.

23.     On or about October 5, 2020, Hyundai wrote to Ms. Butler-Smith informing her that Hyundai had terminated her employment.  Hyundai falsely alleged in this correspondence that Ms. Butler-Smith had not returned to work, had not applied for a job, and had not provided a date she would return to work.

24.     In addition, Hyundai had not engaged in any meaningful interactive communication or any interactive process with Ms. Butler-Smith.

25.     Hyundai did not obtain information from the Plaintiff or the Plaintiff's physician to understand the Plaintiff's medical condition and how it may affect her ability to perform essential job functions.   Rather, Hyundai violated Ms. Bulter-Smith's privacy by obtaining protected medical information from Hartford, Hyundai's insurer.

26.     Hyundai did not identify to Plaintiff essential job functions she must perform with or without an accommodation.

28.     Rather, Hyundai made unsupported assumptions about whether Plaintiff could perform certain essential job functions.

30.     No person at Hyundai engaged in any interactive communication with the Plaintiff as to (a) what reasonable modifications would help Plaintiff perform her essential job functions; (b) whether other options for accommodation were available if the suggested accommodations are not reasonable; (c) whether it was possible to provide reasonable accommodations, light duty or different job(s) that would allow the Plaintiff to perform essential functions; and (d) how it was not possible to provide Plaintiff a reasonable accommodation and return to work.

31.    Without any meaningful interactive process with Ms. Butler-Smith, Hyundai summarily terminated her on or about October 5, 2020, with a letter simply "signed" by the company.

32.    On or about December 1, 2020, Ms. Butler-Smith filed a charge of ADAAA discrimination and retaliation with the EEOC in Birmingham, Alabama, and on June 16, 2021, Plaintiff received a right-to-sue. (Exhibit A).

33.    As a result of Hyundai's illegal discrimination and willful retaliation practiced against her, Ms. Butler-Smith has lost significant compensation, including full-time income and benefits, and suffered both mental and emotional distress.  Ms. Butler-Smith has also incurred costs and attorney's fees.

### III.    PLAINTIFF'S CAUSES OF ACTION

### COUNT ONE

### DISCRIMINATION IN VIOLATION OF
### THE AMERICANS WITH DISABILITIES ACT
### AMENDMENTS ACT OF 2008, 42 U.S.C. § 12101, et seq.

34.    Plaintiff repeats, realleges, and incorporates herein each and every allegation contained in paragraphs 1 through 33, as stated above, and further avers that Hyundai discriminated against Ms. Butler-Smith, due to her disability and/or perceived disability, in violation of the ADAAA.  Hyundai would not have taken such action "but for" Plaintiff's disability and/or perceived disability.

35.     Plaintiff avers that Defendant violated the Americans with Disabilities Act Amendments Act, (ADAAA) and discriminated against Plaintiff because she suffers a physical or mental impairment that substantially limits or limited one or more major life activities, and/or because Plaintiff was regarded by Defendant as having a physical or mental impairments that substantially limit or limited one or more major life activities.

36.     On or about September 23, 2019, Ms. Butler-Smith began suffering severe pain and swelling in her left knee and left leg.  After visiting the Hyundai medical clinic, Hyundai sent Ms. Butler-Smith home with instructions to see her personal physician.

37.     Notwithstanding Plaintiff's disabilities and/or perceived disabilities, Plaintiff was able to successfully perform her production line-assembly job since 2005 without accommodation.

38.     After reporting her physician's diagnosis and limitations, and asking to return to work, Plaintiff has been discriminated against on the basis of her disabilities and/or perceived disabilities in regard to treatment, terms and conditions of employment, in violation of ADAA; 42 U.S.C. 12101, et seq.

39.     Plaintiff has been discriminated against because of her disabilities and/or perceived disabilities and has been subjected to different treatment from that of employees who do not share the same disabilities and/or perceived disabilities.

40.    Such unlawful employment practices proximately caused Plaintiff to suffer emotional distress, mental anguish, embarrassment, humiliation and shame for which she claims damages.

41.    The ADAAA prohibits discrimination against any employee by Hyundai, including any program and/or activity, on the basis of disability and/or perceived disability.

42.    The ADAAA also imposes an affirmative obligation on Hyundai to ensure that all programs and services are accessible to people with disabilities, including the providing of reasonable modifications and/or accommodations.

43.    The Defendant Hyundai intentionally, deliberately, and willfully discriminated against Ms. Butler-Smith, in callous disregard of her rights under the ADAAA, and in violation of Hyundai's affirmative duties under the ADAAA.

44.    The Plaintiff has lost wages and benefits and suffered extreme mental anguish as a direct and proximate result of the Defendant's discrimination against her due to her disability and/or perceived disability in violation of the ADAAA.

45.    Plaintiff avers that she has pursued and exhausted her administrative remedies.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court grant the following relief:

a)    Judgment declaring the Defendant discriminated against the Plaintiff due to her disability and/or perceived disability;

b)    An award of injunctive and equitable relief to which Plaintiff may be entitled;

c)    An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

d)    Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT TWO

### RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008, 42 U.S.C. § 12101, et seq.

46.    Plaintiff repeats, realleges, and incorporates herein each and every allegation contained in paragraphs 1 through 33, as stated above, and further avers that Hyundai retaliated against Ms. Butler-Smith, due to her disability and/or perceived disability, in violation of the ADAAA. Hyundai would not have taken such action "but for" Plaintiff's disability and/or perceived disability.

47.    Plaintiff avers that Defendant violated the Americans with Disabilities Act Amendments Act, (ADAAA) and retaliated against Plaintiff because she suffers a physical or mental impairment that substantially limits or limited one or more major life activities, and/or because Plaintiff was regarded by Defendant as having

a physical or mental impairments that substantially limit or limited one or more major life activities.

48.    On or about September 23, 2019, Ms. Butler-Smith began suffering severe pain and swelling in her left knee and left leg.  After visiting the Hyundai medical clinic, Hyundai sent Ms. Butler-Smith home with instructions to see her personal physician.

49.    Notwithstanding Plaintiff's disabilities and/or perceived disabilities, Plaintiff was able to successfully perform her production line-assembly job since 2005 without accommodation.

50.    After reporting her physician's diagnosis and limitations, and asking to return to work, Plaintiff was retaliated against on the basis of her disability and/or perceived disability in regard to treatment, terms and conditions of employment, in violation of ADAA; 42 U.S.C. 12101, et seq.

51.    Plaintiff has been retaliated against because of her disabilities and/or perceived disabilities and has been subjected to different treatment from that of employees who do not share the same disabilities and/or perceived disabilities.

52.    Such unlawful employment practices and retaliation proximately caused Plaintiff to suffer emotional distress, mental anguish, embarrassment, humiliation and shame for which she claims damages.

53.     The ADAAA prohibits retaliation against any employee by Hyundai, including any program and/or activity, on the basis of disability and/or perceived disability.

54.     The Defendant Hyundai intentionally, deliberately, and willfully retaliated against Ms. Butler-Smith, in callous disregard of her rights under the ADAAA, and in violation of Hyundai's affirmative duties under the ADAAA.

55.     The Plaintiff has lost wages and benefits and suffered extreme mental anguish as a direct and proximate result of the Defendant's retaliation against her due to her disability and/or perceived disability in violation of the ADAAA.

56.     Plaintiff avers that she has pursued and exhausted her administrative remedies.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court grant the following relief:

a)      Judgment declaring the Defendant retaliated against the Plaintiff due to her disability and/or perceived disability;

b)      An award of injunctive and equitable relief to which Plaintiff may be entitled;

c)      An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

d)    Such further, other, and different relief as the Court may deem appropriate and necessary.

## COUNT THREE

### RETALIATION IN VIOLATION OF
### THE FAMILY AND MEDICAL LEAVE ACT
### 29 U.S.C. § 2615(a)(2)

57.    Ms. Butler-Smith realleges and incorporates herein, by reference, each and every allegation contained in paragraphs 1 through 33, inclusive.

58.    Ms. Butler-Smith is informed and believes, and on that basis alleges, that Hyundai qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that Ms. Butler-Smith is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

59.    Ms. Butler-Smith is informed and believes, and on that basis alleges, that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), and that Hyundai retaliated against her for requesting, or attempting to request, the leave afforded her by the FMLA, in violation of the FMLA, 29 U.S.C. § 2615(a)(2).

60.    Ms. Butler-Smith is informed and believes, and on that basis alleges, that after requesting or attempting to request leave provided by the FMLA, Hyundai retaliated against her (a) by failing to provide Ms. Butler Smith with adequate notice, information and leave required by FMLA;  (b) by refusing to allow Ms. Butler-Smith

to request leave provided by the FMLA; (c) by wrongfully threatening Ms. Butler-Smith with her termination and loss of accrued benefits; and (d) by terminating Ms. Butler-Smith in retaliation for requesting or attempting to request leave provided by the FMLA.

61.     Ms. Butler-Smith is informed and believes, and on that basis alleges, that Hyundai retaliated against her in violation of 29 U.S.C. § 2615(a)(2), and section 825.220 of the FMLA regulations, and is responsible for its violations under the FMLA, 29 U.S.C. § 2617.

62.     As the direct and proximate result of the FMLA retaliation taken by Hyundai, including the termination of Ms. Butler-Smith, she has incurred, and is now incurring, a loss of wages and benefits, all within the meaning of the FMLA, 29 U.S.C. § 2617(a), in an amount to be proved at trial.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that this Court grant the following relief:

a)     Judgment for these costs including, without limitation, lost wages and benefits;

b)     back pay from the effective date of termination;

c)     lost benefits and medical expenses from the date of termination, including any lost employment benefits from the date of termination;

d)      the loss of front pay as of the date of this complaint, and any interest on

the amount thereon as provided in the FMLA, 29 U.S.C. § 2617;

e)      compensatory damages, including for mental anguish,

f)      court costs and reasonable attorneys' fees; and

g)      equitable and such further, other and different relief as the Court may

deem appropriate and necessary.

## IV.   JURY DEMAND

**Plaintiff hereby requests trial by jury on all issues so triable.**

Respectfully submitted this 8th day of September 2021.

Demitria Butler-Smith, Plaintiff
By:

Julian L. McPhillips, Jr. (ASB-3744-L74J)
Counsel for Plaintiff

K. David Sawyer (ASB-5793-R61K)
Counsel for Plaintiff

Julian L. McPhillips, Jr.
McPhillips Shinbaum, LLP
516 S. Perry Street
Montgomery, AL  36104
Telephone: (334) 262-1911
Facsimile: (334) 263-2321
julianmcphillips@icloud.com
Counsel for Plaintiff

K. David Sawyer – Of Counsel
516 S. Perry Street
Montgomery, AL  36104
Telephone: (334) 356-4301
Facsimile: (334) 263-2321
kdsawyer64@outlook.com
Counsel for Plaintiff


**SERVE THE DEFENDANT HYUNDAI MOTOR MANUFACTURING
ALABAMA BY U.S. CERTIFIED MAIL TO:**

**CHRISTOPHER N. SMITH**
**Registered Agent**
**700 HYUNDAI BLVD**
**MONTGOMERY, AL 36105**